UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JOHN CARTWRIGHT | CIVIL ACTION NO. 17-1299 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| SAMMY BYRD, ET AL. | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Plaintiff John Cartwright, an inmate at David Wade Correctional Center ("DWCC") proceeding pro se and in forma pauperis, filed the instant Complaint on October 11, 2017, under 42 U.S.C. § 1983. Plaintiff names Sammy Byrd, Larry Cox, Judge Crigler, Parish of Madison, Tim Winstead, Kevin Johnson, and "Sheriffs Dept. Madison Parish" as Defendants. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Background

Plaintiff alleges that he was falsely arrested three times because he spoke with the Justice Department about Defendant Judge Crigler buying votes. As to the first incident, he was also arrested in retaliation for writing "a letter about a New Orleans heroin ring being run out of the Madison Detention Center." Plaintiff does not detail the second false arrest, but he does allege that, some time after the arrest, Defendant Cox refused Plaintiff medical care for his eyes. As to the third arrest, Plaintiff alleges that certain defendants arrested him to prevent him from qualifying for sheriff and writing investigative letters to the press. The third arrest was also in retaliation for Plaintiff reporting Defendant Byrd for stealing diamond rings from the District Attorney's office.

Plaintiff alleges that, while incarcerated, "they" forced him to take a "crazy test." He alleges that Defendant Judge Crigler, as well as the warden at DWCC, is "trying to get [him] certified as crazy . . . ."

Plaintiff also recites a litany of improprieties and errors relating to his conviction. For instance, he faults Defendant Johnson (ostensibly, Plaintiff's defense attorney) and Defendant Judge Crigler (ostensibly, the judge who presided over Plaintiff's criminal trial) for depriving him of his chosen attorney, failing to subpoena witnesses, preventing him from testifying, conducting a partial trial, failing to move to recuse, failing to move for a change of venue, and making improper comments to the jury. He claims that he was wrongfully convicted and that this lawsuit will prove his innocence.

Plaintiff alleges further that he fears for his safety at DWCC because he is a former police officer. He claims he was attacked once before at DWCC. He alleges that the warden denied his request for protective custody. Because he fears another attack, he seeks a transfer to the Ouachita Detention Center.

Finally, Plaintiff alleges that certain officials at DWCC stole his dictionary, which contained important contact information.

Along with a transfer, Plaintiff seeks $1,000,000.00 in damages.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80

(5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

**2. Malicious and Frivolous Suit**

Plaintiff's civil action is subject to dismissal as malicious and frivolous. "IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). "[I]t is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); see *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013).

Plaintiff's allegations here are substantially similar to, and arise from the same series of events as, allegations he raised in a separate, pending proceeding: *Cartwright v. Goodwin*, No. 5:17-cv-01669 (W.D. La. 2017). In the companion suit, Plaintiff names all but one of the Defendants named in the instant suit; he seeks a transfer from DWCC because he fears an attack; he claims that certain defendants want him "certified as crazy"; and he alleges false arrest, denial of medical care, unlawful conviction, and theft of his dictionary.[1] As the instant proceeding is

---

[1] On March 28, 2018, the undersigned recommended that Plaintiff's complaint in the companion proceeding be dismissed with prejudice as frivolous and for failing to state a claim. *Id.* The Court has not issued final judgment.

duplicative, malicious, and frivolous, it should be dismissed[2] without prejudice.[3]

### 3. Miscellaneous Motions

Plaintiff asks the Court to appoint counsel and to subpoena various documents and records. [doc. #s 14, 16]. As the undersigned recommends dismissal of the instant proceeding as malicious and frivolous, these motions should be denied as moot.

### 4. Recusal

Plaintiff moves to recuse the undersigned, arguing that the undersigned "is trying to protect" Defendant Kevin Johnson and that, because the undersigned is allegedly a "black judge," she "has no understanding of what will be done to a former police officer in a dorm of prisoners . . . ." [doc. # 14]. Under 28 U.S.C. § 144: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." Likewise:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

---

[2] That Plaintiff names one additional Defendant does not change the result. *See Lewis*, 508 Fed. App'x at n.2; *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming dismissal where the "complaint repeats the same factual allegations that [the plaintiff] asserted in his earlier case, although he successively sued different defendants."); *Brown v. Louisiana*, 2010 WL 5582940, at *3 (W.D. La. Dec. 1, 2010).

[3] Because the companion suit remains pending, dismissal is without prejudice. *See Pittman*, 980 F.2d at 995.

>    (b) He shall also disqualify himself in the following circumstances:
>
>    (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455 (quoted in pertinent part).

Here, Plaintiff's argument concerning the undersigned's alleged skin color has no basis in fact. Plaintiff's argument that the undersigned lacks an understanding of the risks that an incarcerated police officer may encounter is not relevant to bias, prejudice, or impartiality. Recusal, therefore, is not warranted.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff John Cartwright's motion to recuse the undersigned, [doc. # 14], be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights Complaint be **DISMISSED WITHOUT PREJUDICE** as frivolous and malicious.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion to appoint counsel and motion to subpoena various documents and records be **DENIED AS MOOT**. [doc. #s 14, 16].

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 16th day of April, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE